UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDALLAH FAKIH,

                Petitioner,

    v.

H. BARRON, *et al.*,

                Respondents.

Case No. C23-1442-RAJ-MLP

REPORT AND RECOMMENDATION

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Abdallah Fakih is in the custody of the Federal Bureau of Prisons ("BOP") and is currently in pre-release custody at a residential reentry center in Seattle, Washington. (*See* dkt. # 7 at 1, Ex. 1.) Petitioner filed the instant habeas action on September 14, 2023, while he was confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). (*See* dkt. # 1 at 1.) He asserts in his petition that the BOP is not crediting him with earned time credits ("ETCs") to which he is entitled under the First Step Act ("FSA"), 18 U.S.C. § 3632(d). (*See* dkt. # 1 at 2-8.) In particular, Petitioner claims that he has accumulated sufficient credits to entitle him to be transferred to pre-release custody, but the BOP has unlawfully delayed that transfer as the result of a detainer placed upon him by Immigration and Customs Enforcement ("ICE"). (*See id.*)

REPORT AND RECOMMENDATION
PAGE - 1

Petitioner asks that the Court require the BOP to apply his ETCs and transfer him to pre-release custody. (*Id.* at 9.)

After reviewing the petition, this Court ordered that it be served on Respondents. (Dkt. # 5.) On October 12, 2023, Respondents filed a response and suggestion of mootness. (Dkt. # 7.) Respondents assert therein that the BOP placed Petitioner in pre-release custody on October 5, 2023, that he has thus received the relief he requested by way of this federal habeas action, and that his petition is therefore moot. (Dkt. # 7.) Petitioner has not challenged Respondents' suggestion that his federal habeas petition is now moot.

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Thus, to invoke the jurisdiction of the federal court, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Supreme Court has made clear that the case-or-controversy requirement "subsists through all stages of federal judicial proceedings." *Id*. It is therefore not enough that a dispute was alive at the time the action was filed, the parties "must continue to have a personal stake in the outcome of the lawsuit" in order to sustain the federal court's jurisdiction. *Id*. at 477-78. When the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome, an action is moot. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998).

Here, the sole issue presented by Petitioner is that the BOP was unlawfully delaying his transfer to pre-release custody because of a pending ICE detainer. The BOP has since effectuated Petitioner's transfer to pre-release custody. Because the relief Petitioner sought by way of this

REPORT AND RECOMMENDATION
PAGE - 2

federal habeas action has been granted, Petitioner has no injury that could be redressed by this Court and his petition is therefore moot. *See Lewis*, 494 U.S. at 477.

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition and this action be dismissed as moot. A proposed Order accompanies this report and recommendation.

Objections to this report and recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this report and recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 8, 2023**.

DATED this 20th day of November, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge